**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD J. BROWN,

Defendant-Appellant.

No. 02-8035

---

Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 01-CR-31-J)

---

**Submitted on the Briefs:**

Matthew H. Mead, United States Attorney, David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

James P. Castberg, Sheridan, Wyoming, for Defendant-Appellant.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

## I. INTRODUCTION

Defendant Edward J. Brown ("Brown") was indicted on one count of conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). Pursuant to a conditional plea agreement, Brown pleaded guilty to conspiracy to possess with intent to distribute and distribution of methamphetamine and use of a firearm during and in relation to a drug trafficking offense. The district court sentenced Brown to consecutive terms of 121 months on the former count and 60 months on the latter count. The district court also ordered a $1,000 fine and five years of supervised release.

Brown argues on appeal that he was deprived of his Fifth and Sixth Amendment guarantees of due process under the United States Constitution when the district court granted the government's motion in limine to exclude evidence

of Brown's mental condition from consideration by the jury. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**, concluding that although psychological or psychiatric evidence negating specific intent may be admissible, Brown relied upon an impermissible legal theory for admitting the evidence and failed to identify a relationship between the proposed testimony and his *mens rea*.

## II.    BACKGROUND

On March 22, 2001, Brown was indicted on three counts for his participation in a multi-state methamphetamine operation. At arraignment, Brown pleaded not guilty to the three charges.

Subsequent to entering his pleas, Brown filed a motion to obtain a psychological examination by Dr. Fred Lindberg for the purpose of preparing a defense. The district court granted the motion. On July 30, 2001, Brown submitted notice in accordance with Fed. R. Crim. P. 12.2(a) that he intended to rely upon insanity as a defense to all charges. In addition, Brown submitted notice in accordance with Fed. R. Crim. P. 12.2(b) that he intended to "present expert testimony relating to a mental disease or defect or other mental condition of [Brown] bearing upon issue of [his] guilt."

Thereafter, the government sought an order to compel Brown to submit to a psychiatric and medical examination conducted by the Bureau of Prisons. The

district court granted the government's motion and ordered Brown to be examined for purposes of determining competency and legal sanity. Brown was then re-arraigned and he entered pleas of not guilty by reason of mental illness or disease to the charges.

On December 12, 2001, the district court held a competency hearing. At the hearing, Dr. Lindberg testified that Brown suffered from post-traumatic stress disorder and chemical dependency. Dr. Lindberg also testified that, as a result of his condition, Brown did not have the capacity to conform his conduct to the requirements of the law. He also stated that at the time of his arrest, Brown did not have the capacity to "make the correct choices." Dr. Lindberg, however, concluded that Brown was not legally insane and was competent to stand trial. The Bureau of Prisons psychologist, Dr. Ronald Riggs, similarly testified that Brown was competent to stand trial and was not insane at the time he committed the offenses. Dr. Riggs also noted that, if treated, Brown may have the capacity to conform his conduct to the requirements of the law. The district court determined that Brown was competent to stand trial.

On December 21, 2001, the government filed a motion in limine seeking to exclude any testimony offered by Brown concerning his alleged mental disease or defect. Brown responded that he intended to rely on the psychological testimony of Dr. Lindberg to prove that his post-traumatic stress disorder and

severe addiction to methamphetamine prevented him from formulating the necessary *mens rea* of specific intent.

At the motion hearing, the district court determined that the proposed testimony was inadmissible based on the evidence before it, namely the transcript of Dr. Lindberg's testimony at the competency hearing. The court concluded that Dr. Lindberg's testimony reflected an improper justification defense or impermissible evidence of volition and did not "establish a link or relationship between the specific psychiatric evidence offered and the mens rea at issue in this case." The court, however, was willing to reconsider the matter upon presentation of further evidence establishing such a link or relationship. Relying on *United States v. Cameron*, 907 F.2d 1051 (11th Cir. 1990), the district court then granted the government's motion to exclude the testimony because the offer of proof was "limited" and "would not tend to disprove the necessary element of specific intent with regard to the conspiracy and possession with the intent to distribute charges."

On January 19, 2002, Brown entered into a conditional plea agreement. Pursuant to the agreement, Brown pleaded guilty to the conspiracy charge and the unlawful use of a firearm charge on the condition that he be allowed to pursue an appeal of the district court's order granting the government's motion in limine to exclude psychological testimony at trial. Brown was subsequently sentenced to

consecutive terms of 121 months' imprisonment for the conspiracy and distribution charge and 60 months' imprisonment for the unlawful use of a firearm charge and five years of supervised release.

## III.  DISCUSSION

Brown argues that he is entitled to have a jury consider Dr. Lindberg's testimony concerning his mental condition for determination of whether he had the capacity to form the necessary *mens rea*.  This court reviews a district court's exclusion of expert testimony for an abuse of discretion.  *United States v. Diaz*, 189 F.3d 1239, 1246 (10th Cir. 1999).

The standard for the defense of insanity is reflected in the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 17.  IDRA states:

> It is an affirmative defense to a prosecution under any Federal Statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. § 17(a).  Prior to the enactment of IDRA in 1984, this court followed the insanity test established by the American Law Institute Model Penal Code ("ALI").  *United States v. Denny-Shaffer*, 2 F.3d 999, 1003 n.1 (10th Cir. 1993). The ALI test provided that a defendant would not be criminally responsible for conduct if "as a result of mental disease or defect, he lacked substantial capacity

-6-

either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." *Id.* (quotation omitted). In enacting IDRA, Congress eliminated the volitional branch, which is the latter portion of the ALI test. *Id.* In addition, IDRA "eliminated all other *affirmative defenses or excuses* based upon mental disease or defect." *Cameron*, 907 F.2d at 1061. Thus, IDRA bars the introduction of evidence of a defendant's mental disease or defect to demonstrate that he lacked substantial capacity to control his actions or reflect upon the consequences or nature of his actions. *United States v. Worrell*, 313 F.3d 867, 872 (4th Cir. 2002).

Brown essentially contends that evidence of his mental condition is admissible to negate specific intent. This court has not addressed whether psychological or psychiatric expert testimony is admissible to negate specific intent. Several circuits, however, have concluded that evidence of a defendant's mental condition is admissible for the purpose of disproving specific intent.[1] *Id.* at 873; *see also United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002); *United States v. Schneider*, 111 F.3d 197, 201 (1st Cir. 1997); *United States v. Childress*, 58 F.3d 693, 729-30 (D.C. Cir. 1995);

---

[1]The Eleventh Circuit characterizes this as "non-insanity" psychiatric evidence, which encompasses "all psychiatric evidence not offered strictly in conjunction with an insanity defense." *United States v. Cameron*, 907 F.2d 1051, 1060 n.15 (11th Cir. 1990).

*United States v. Twine*, 853 F.2d 676, 679 (9th Cir. 1988); *United States v. Newman*, 849 F.2d 156, 165 (5th Cir. 1988); *United States v. Pohlot*, 827 F.2d 889, 897 (3d Cir. 1987). The circuits reaching such a result generally rely on the distinction between psychiatric evidence that provides a justification or excuse for criminal conduct and psychiatric evidence that assists the trier of fact in determining whether the prosecution has satisfied its burden of proving each element of the crime. *Worrell*, 313 F.3d at 873; s*ee also Cameron*, 907 F.2d at 1060 (noting that Congress intended to preclude psychiatric evidence as a legal excuse but not to negate specific intent); *Pohlot*, 827 F.2d at 897 (commenting that admitting psychiatric evidence to negate *mens rea* is not a defense but only a challenge to an element of the offense). The circuits, however, recognize that evidence of a defendant's impaired volitional control or inability to reflect on the consequences of his conduct remains inadmissible. *Cameron*, 907 F.2d at 1066; *see also Worrell*, 313 F.3d at 872; *Pohlot*, 827 F.2d at 890.

This court similarly agrees that psychological or psychiatric evidence that negates the essential element of specific intent[2] can be admissible. The admission

---

[2]The use of psychological or psychiatric evidence to negate an element of the government's case is limited to offenses requiring proof of a specific intent. *United States v. Pohlot*, 827 F.2d 889, 897 n.4 (3d Cir. 1987) (recognizing limitation of evidence to disprove specific intent crimes based on theory that mental disease or defect "can virtually never disprove the mens rea required for general intent crimes [and admission of] psychiatric evidence would be misleading"); *see also Cameron*, 907 F.2d at 1063 n.20 (stating that

of such evidence will depend upon whether the defendant clearly demonstrates how such evidence would negate intent rather than "merely present a dangerously confusing theory of defense more akin to justification and excuse." *Cameron*, 907 F.2d at 1067. Because there is a risk that such evidence will mislead or confuse the jury, district courts must carefully scrutinize proposed psychiatric evidence to determine whether the evidence rests upon a legally acceptable theory for negating intent. *Id.* While "IDRA does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered purely to rebut the government's evidence of specific intent, . . . such cases will be rare." *Worrell*, 313 F.3d at 874.

In *Worrell*, the defendant sought to introduce the expert testimony of a forensic psychiatrist who opined that the defendant was "quite impaired psychiatrically" around the time of the offense. *Id.* at 870. The district court excluded the testimony. *Id.* at 871. The United States Court of Appeals for the Fourth Circuit concluded that the district court did not err in excluding the evidence because the proposed testimony was not relevant to the issue of specific

_____

"[p]sychological evidence is relevant to *mens rea* only when the defendant is charged with a specific intent crime"). In addition, Brown only sought introduction of the psychological evidence to negate the specific intent for the conspiracy and distribution charge. Thus, Dr. Lindberg's testimony would not be relevant to the charges of unlawful use of a firearm and felon in possession.

intent. *Id.* at 874. The court noted that the expert's opinion did not even address the defendant's intent, or lack thereof, for the particular offense charged. *Id.* at 874. Similarly, in *Cameron*, the defendant argued that the proffered psychiatric evidence would have shown that her mental condition "rendered her incapable of forming the specific intent necessary to commit the crimes charged." 907 F.2d at 1067. The United States Court of Appeals for the Eleventh Circuit concluded, however, that Cameron failed to specifically explain how the psychiatric evidence demonstrated that she did not intend to distribute cocaine. *Id.* The *Cameron* court noted that "[t]he proper focus should be on the proffered link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case." *Id.* at 1067 n.31.

In this case, Brown sought to introduce evidence that his mental capacity precluded him from forming the requisite specific intent. For proof, Brown relied on Dr. Lindberg's conclusion that Brown did not have the capacity to conform his conduct to the requirements of the law. Specifically, Brown sought to rely upon testimony that he was unable to make "correct choices" because of his mental condition. Similar to the evidence in *Worrell* and *Cameron*, Dr. Lindberg's testimony did not address Brown's intent, or lack thereof, for conspiracy to possess with the intent to distribute and distribution of methamphetamine. Dr. Lindberg did not opine on how Brown's post-traumatic stress disorder, coupled

with chemical dependency, was either related to or tended to negate the requisite specific intent element. Thus, Brown fails to connect his mental condition with any legally acceptable theory that he lacked specific intent. Furthermore, although the district court was willing to consider evidence that would link Dr. Lindberg's testimony to the government's proof of specific intent, Brown failed to offer such support.

Additionally, Brown's reasons for offering Dr. Lindberg's testimony, which were to show that Brown failed to conform his conduct to the requirements of the law and failed to make correct choices because of his mental condition, equates to proof that Brown lacked the capacity to control or reflect upon his conduct. Such evidence is inadmissible psychological or psychiatric evidence. *See Cameron*, 907 F.2d at 1066 (stating that evidence of the defendant's inability to reflect upon or control behavior is inadmissible because it does not negate specific intent). Accordingly, the district court did not abuse its discretion in excluding evidence of Brown's mental disease or defect.

## IV. CONCLUSION

Based upon the foregoing reasons, the district court's exclusion of psychological evidence is AFFIRMED.

-11-